■ JESSICA ENGEL et al., Respondents, v ROY J. CLAPPER et al., Defendants, and CALVIN G.W. SANDIFORD, as Executor of MADELON M. ENGEL, Deceased, Appellant. [788 NYS2d 683]—

Kane, J. Appeal from an order of the Supreme Court (Spargo, J.), entered December 18, 2003 in Greene County, which, inter alia, denied defendant Calvin G.W. Sandiford's motion for summary judgment dismissing the complaint against him.

Plaintiffs Jessica Engel and Alethea Engel were passengers in a vehicle being driven by their mother, Madelon M. Engel (hereinafter decedent), in Greene County. At the time, the family was domiciled in the province of Québec, Canada. While decedent was making a U-turn, her vehicle was struck by a vehicle owned by defendant Harold E. Strother and driven by defendant Roy J. Clapper, both New York domiciliaries. Decedent was killed and her daughters were seriously injured. Plaintiffs Robert Zuckerman and Laurie Zuckerman became the guardians of the children. This action was commenced against Clapper, Strother, and the executor of decedent's estate (hereinafter defendant), alleging that both daughters suffered serious injuries and asserting a derivative cause of action by the Zuckermans. Defendant crossclaimed against Clapper and Strother, then moved for summary judgment seeking dismissal of the complaint asserting that Québec no-fault law bars the action and a derivative action is not permitted by the guardians. Supreme Court denied the motion, but did amend the title of the action to reflect that Jessica Engel is no longer a minor and a new guardian has been appointed for Alethea Engel. Defendant appeals.

When a potential choice of law issue is raised, the court must first determine whether the laws of the different jurisdictions are actually in conflict (see Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 223 [1993]; Bodea v TransNat Express, 286 AD2d 5, 8 [2001]). We find no conflict in the laws of New York and Québec on the precise issue relevant here. Québec's no-fault statute provides compensation under its no-fault system as an exclusive remedy and bars all court actions for bodily injury in Québec (see Automobile Insurance Act, RSQ, ch A-25, § 83.57 [1997] [Can]). The statute provides an exception, however, such that anyone entitled to Québec's no-

fault compensation "by reason of an accident that occurred outside Québec may benefit [from the no-fault] compensation while retaining his [or her] remedy with regard to any compensation in excess thereof under the law of the place where the accident occurred" (RSQ, ch A-25, § 83.59). Thus, Québec's law permits a person injured outside the province to collect Québec's no-fault benefits and also maintain an action in the jurisdiction where the accident occurred, so long as that jurisdiction's laws permit such an action, and subject to a right of subrogation for amounts paid by Québec's insurance department (see RSQ, ch A-25, §§ 83.59, 83.60). New York, the place where this accident occurred, permits persons injured in a car accident within the state to commence a personal injury action if they meet the serious injury threshold (see Insurance Law § 5102 [d]), which is not contested here. Based on the exception in Québec's statute releasing its residents from the tort litigation limitations for accidents which occur outside Québec, that statute does not conflict with New York law.

We do not find the decision in *Szeto c La Federation, Compagnie D'Assurances Du Canada* ([1986] RJQ 218, 1985 CarswellQue 79, 16 CCLI 62, *lv refused* 67 NR 240n [Sup Ct, Can 1986]) to be in conflict with this decision. There, the Cour d'appel du Québec, that province's highest court, dismissed an action filed in a Québec court by a Québec resident against another Québec resident as a result of injuries from an accident which occurred in the province of Ontario. The court held that such an action was not permitted in Québec courts, but that the statutory exception was not rendered useless because the accident victim could always resort to recourse in the courts of Ontario. The case determines that, under the statutory exception, Québec residents may file automobile-accident tort actions against other Québec residents in the jurisdiction where the accident occurred, as long as such actions are permitted by that jurisdiction. Hence, defendant's motion to dismiss the main action here was properly denied.

Additionally, court-appointed guardians of minors or incapacitated persons may commence derivative actions to recover costs expended for the care of such wards, just as parents may. A nonparent may be held legally responsible for failing to provide a minor the appropriate care (see Family Ct Act § 1012 [f] [i] [A] [defining neglect against "parent or other person legally responsible" for the minor's care]). Such a guardian is thus entitled to assert a cause of action to recover costs expended on providing that care if such costs are attributable to another party's negligence. Accordingly, Supreme Court properly denied

defendant's motion seeking to dismiss the Zuckermans' derivative cause of action.

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.